## TURNPIKE COMPANY *v.* STATE.

(*Nashville.* February 20, 1886.)

1. TURNPIKE COMPANIES. *Acceptance of general incorporation Act of 1875 not presumed.*

   A turnpike company organized under a special charter must show some act of acceptance or user under the general incorporation Act of 1875, before it can avail itself of the benefits and protection of that Act to relieve it from the burdens of its own charter. (*Post, p. 250.*)

   Acts construed: Acts 1847–8, Ch. ——; Acts 1875, Ch. 142.

2. SAME. *Commits misdemeanor by violating charter.*

   Failure of a turnpike company organized under a special Act to comply with a provision of its charter not to have its gates nearer together than five miles, renders it liable to a prosecution under § 5347 (M. & V.) Code, making the doing of any Act prohibited by statute, for the violation of which no penalty is imposed, a misdemeanor. (*Post, pp. 250, 251.*)

   Code construed: § 5347 (M. & V.); § 4596 (T. & S.).

   Cases cited and approved: State *v.* Atchison, 3 Lea, 729; Railroad *v.* State, 3 Head, 523.

---

### FROM WILLIAMSON.

---

Appeal from Circuit Court of Williamson County. W. L. GRIGSBY, J.

HENDERSON & EGGLESTON for Turnpike Company.

Attorney-general PICKLE and HEARN & BERRY for State.

WILKES, J.    The turnpike company was indicted for collecting toll at two of its gates which are nearer together than five miles. It was convicted and fined $5 and costs, and has appealed. There is no controversy as to the facts. The company was chartered by the Act of 1847–8. One of the provisions of its charter is that its gates are not to be nearer together than five miles. It is admitted that two of the gates are nearer together than this limit, but it is insisted that, by the general incorporation law of 1875, as to turnpikes, the gates may be placed nearer together than five miles. The Court charged the jury, in substance, that before this company could avail itself of this general law it must show, in some way, that it had accepted the provisions of the general Act, and was operating under it. It is argued that these provisions, being for the benefit of corporations existing before the general law was passed, an acceptance of its provisions will be presumed. We think this insistence not well taken. The general law is not simply for the benefit of prior corporations, but introduces a general system, and there are features that would not be considered beneficial, but would limit the privileges already in existence under defendant's charter. It devolves upon defendant, therefore, to show some act of acceptance or user under the general law.

It is said that the charter of this company is a private act, and a failure to comply with its requirements is merely a breach of contract between

the company and State, and not a misdemeanor. This contention is not well taken. While all charters of turnpike companies and railroads, prior to the said general law and to the Constitution of 1870, were private acts, still they were for corporations of a public or *quasi* public character. Section 5347 of the Code (M. & V.), provides that when the performance of any act is prohibited by statute, and no penalty for the violation of the statute is imposed, the doing of such act is a misdemeanor. Clearly and concededly, if this were a public statute indictment would lie, and we can see no tenable ground why it will not lie against this company under its charter. An indictment will lie against a corporation for nonfeasance or misfeasance—that is, the neglect to perform a legal duty as well as the doing of an unlawful act. 4 Am. & Eng. Enc. L., 267, 279. It may be indicted for libel. *State* v. *Atchison*, 3 Lea, 729.

In the case of *L. & N. R. R. Co.* v. *The State*, 3 Head, 523, it was held that a railroad company was liable to indictment for obstructing a public highway contrary to the powers granted in its charter. It is said in that case that so long as the company keeps within its charter it is not liable. But it can no more omit its duty to individuals or the public than natural persons. That road was operating under a special charter, or act, as is the defendant in this case.

We see no error in the judgment of the Court below, and it is affirmed.